IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAY BENTON, JR., o/b/o<br>CLAY ALLEN BENTON,<br><br>　　　　　　Plaintiff,<br><br>VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:12-CV-0874-D |

MEMORANDUM OPINION
AND ORDER

Following the court's judgment vacating and remanding the Commissioner's decision in this social security appeal, plaintiff's attorney applies for an award of attorney's fees under the Equal Access to Justice Act. The Commissioner opposes the fee application in only one respect: the amount of the hourly rate.[1] In the end, this is a dispute over $344.07, so the court assumes the principle of the decision is important to the Commissioner in many more cases than this one. For the reasons that follow, the court agrees with the Commissioner and awards plaintiff the sum of $5,646.19 in attorney's fees and reimbursement of the $350.00 filing fee from the Judgment Fund.[2]

---

[1] The Commissioner also argues that the fee is payable to the plaintiff, not to his attorney, although the payment may be mailed to plaintiff's attorney. Plaintiff does not challenge this assertion by way of reply brief. *See infra* note 3.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]

Plaintiff has applied for a fee award of $5,990.26, based on an hourly rate of $182.63, for 32.80 hours of work performed in 2012. He also requests reimbursement of the $350.00 filing fee from the Judgment Fund. The Commissioner acknowledges that he has previously agreed to this hourly rate and that this court has approved this rate. But he argues that, under Fifth Circuit authority, this court should adjust the statutory base amount of $125.00 per hour by using the Consumer Price Index ("CPI") that most accurately applies to a location. He maintains that, using the CPI for the Dallas-Fort Worth area, the correct hourly rate for 2012—and therefore for this case—is $172.14. He contends that plaintiff's attorney is entitled to $5,646.19 for work performed in 2012 (32.80 hours x $172.14), and reimbursement of the filing fee. *See* D. Resp. 3 ("In summary, [the Commissioner] opposes the hourly rate based on the incorrect CPI, but agrees to the hours Plaintiff states and Plaintiff's request for $350.00 in filing fees payable from the Judgment Fund.").

Plaintiff has not replied to the Commissioner's response and therefore has not demonstrated that the Commissioner's evidence of the CPI is in any respect inaccurate.[3] The court finds that, applying the CPI for Dallas-Fort Worth, the properly hourly rate for 2012 is $172.14. The court therefore awards plaintiff attorney's fees based on this hourly rate.

---

issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]The Commissioner filed his response to the application on February 13, 2013. The time for plaintiff to file a reply brief has expired.

* * *

Plaintiff's February 6, 2013 motion for fees under the Equal Access to Justice Act is granted to the extent that plaintiff is awarded the sum of $5,646.19 in attorney's fees and reimbursement of the $350.00 filing fee from the Judgment Fund.

**SO ORDERED**.

March 5, 2013.

                                                                                                SIDNEY A. FITZWATER
CHIEF JUDGE